**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

BARBARA BYNUM, a/k/a Lilly M.
Baker,
*Defendant-Appellant.*

No. 99-4242

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TICO JERMAINE BYNUM,
*Defendant-Appellant.*

No. 99-4243

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-97-338-T)

Submitted: July 1, 2002

Decided: July 22, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Tamura D. Coffey, Maria C. Papoulias, WILSON & ISEMAN, L.L.P., Winston-Salem, North Carolina; G. Bruce Park, NIXON, PARK & GRONQUIST, P.L.L.C., Charlotte, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Barbara Bynum and her son Tico Jermaine Bynum, convicted by a jury of conspiring to commit bank fraud by counterfeiting securities, *see* 18 U.S.C.A. §§ 371, 513(a), 1344 (West 2000), bank fraud, *see* 18 U.S.C.A. §§ 2, 1344 (West 2000), and uttering false checks, *see* § 2, 513(a), appeal their convictions and respective sentences of twelve and thirty-six months' imprisonment. Specifically, the Bynums challenge admission of hearsay statements by Hazelene Little, who was Barbara's sister and Tico's aunt, linking them with the crimes charged. We affirm.

The Government's investigation of the conduct for which the Bynums were convicted initially led to Little, who was terminally ill and close to death. A federal agent twice interviewed Little with her consent at her residence, without indicating whether she would be charged as a result of his investigation. During the first interview, Little identified her nephew Tico as the individual who requested and facilitated her opening of a checking account on which forged checks would be written. During the second interview, she identified a disguised female suspect who was photographed while attempting to pass a forged check as her sister, Barbara Bynum. Little died prior to trial.

The Bynums' challenge to the district court's admission of Little's statements under Fed. R. Evid. 807 is unpersuasive. We review the district court's factual findings regarding the reliability of the statements for clear error, *see United States v. Brothers Constr. Co. of Ohio*, 219 F.3d 300, 309 (4th Cir. 2000), and conclude the court properly identified facts that provided a particularized circumstantial guarantee of trustworthiness. *See United States v. Shaw*, 69 F.3d 1249, 1253 (4th Cir. 1995). Furthermore, we find no error in the district court's conclusion that Little's statements were material, more probative than other evidence reasonably available to the prosecution, and that their admission would serve the interests of justice and comply with the purpose of the Rules of Evidence. *See* Rule 807. We therefore find no abuse of discretion in the admission of the hearsay statements. *See United States v. Ellis*, 951 F.2d 580, 582 (4th Cir. 1991).

Accordingly, the Bynums' convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*